## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| KENNETH SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-cv-1153 |
| | ) | |
| RYAN TARBY, ROBERT HUSTON, GARY | ) | |
| HARTZELL, MARK SKILES, and STAFF | ) | |
| UNIDENTIFIED, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court are numerous motions:  Motion for Summary Judgment filed by Defendants Ryan Tarby and Robert Huston on March 22, 2007 [Doc. 43]; Motion for Summary Judgment filed by Defendants Gary Hartzell and Mark Skiles on April 5, 2007 [Doc. 49]; Motion to Amend/Correct Complaint filed by Plaintiff Kenneth Simmons on June 4, 2007 [Doc. 60]; Motion to Strike Response to Motion filed by Plaintiff on July 2, 2007 [Doc. 63]; and Motion to Dismiss filed by Plaintiff on September 11, 2007 [Doc. 64].  For the reasons set forth below, the Motions for Summary Judgment are GRANTED IN PART [Docs. 43 and 49], the Motion to Amend/Correct Complaint is GRANTED IN PART [Doc. 60], the Motion to Strike Response to Motion is DENIED [Doc. 63], and the Motion to Dismiss is DENIED [Doc. 64].

**BACKGROUND**

The background facts of this case do not appear to be in dispute.  On June 16, 2004, Plaintiff parked his 2000 Chevrolet S-10 pickup truck ("2000 truck") in front of the residence of Robert and Mildred Stockstill.  In the bed of the truck, Plaintiff placed a sign which made disparaging remarks about Robert Stockstill.  According to Plaintiff, he then entered a 1990 GMC pickup truck ("1990 truck") driven by his wife and circled the block.  Upon returning to the 2000 truck, he observed the Stockstills defacing and/or removing the sign. Naturally disturbed by these actions, Plaintiff called the police and requested that they arrest the Stockstills for trespassing on his property and damaging his truck.

The police officers dispatched to the scene were Tazewell County Deputy Officer Tarby and Village of Mackinaw Police Officer Skiles.  Shortly after Officer Tarby's and Skiles' arrival, Mackinaw Chief of Police Hartzell arrived on the scene to assist.  Officer Tarby's police report indicates that he spoke to Plaintiff about the damage to his truck.  Plaintiff demanded that Officer Tarby get his sign from the Stockstills. As Officer Tarby was talking to Plaintiff, Chief Hartzell approached Plaintiff's wife, who was parked in the 1990 truck, in order to question her about the incident.  Plaintiff became upset and, as he walked toward the pair, started yelling at his

2

wife to not talk to Chief Hartzell.  Officer Tarby ordered
Plaintiff to return to his location, Plaintiff did not comply.
Officer Tarby restrained Plaintiff and arrested him for
obstructing their investigation.  Plaintiff then told Officer
Tarby that his back hurt and he was subsequently transported to
Pekin Memorial Hospital where he was evaluated and released.  He
subsequently was convicted by a jury of obstructing a peace
officer.

With respect to the trucks at issue, Chief Hartzell's
police report indicates that Plaintiff's wife drove away from
the scene.  He further indicates that "#1 Simmons truck was
towed from the scene."  A fair assumption to be made from this
information is that Plaintiff's wife, who was driving the 1990
truck, left the scene and that Plaintiff's 2000 truck was towed
from the scene.  Plaintiff also has presented evidence that the
2000 truck was towed.  A "Report of Towed Vehicle" indicates
that a Chevy S-10 pick-up truck was towed.  [Doc. 55, Ex. 3].
Thus, there is no dispute that the 2000 Truck was the vehicle
towed from the scene.

None of the police reports indicate exactly what happened
to the sign.

On December 20, 2004, Plaintiff began serving his term of
incarceration at the Tazewell County Jail.  While at the jail,
Plaintiff requested medical care for his back.  He made two

3

requests, one on December 20, 2004 and the other on December 22, 2004.  The first request bears a signature from a jail official (which appears to be "Justin") with a "Star #" 6347.  The document indicates that the request was "given to medical."  The second request is harder to read.  The staff response section contains writing but is unreadable and there does not appear to be a signature from an officer.

## PROCEDURAL HISTORY

Familiarity with the procedural history of this case is presumed and will not be repeated in detail here.  This case is proceeding on Plaintiff's original Complaint filed on June 15, 2006.  In addition to the Defendants named above, Plaintiff named in the caption of the Complaint Tazewell County and the Village of Mackinaw[1].  Plaintiff alleges that Officer Tarby, in his official and individual capacities, violated his Fourth Amendment rights by arresting him, seizing his sign, and seizing his truck[2] on June 16, 2004.  Plaintiff further alleges a Fifth Amendment claim against Officer Tarby in addition to various tort claims.  Plaintiff alleges the same Fourth Amendment and Fifth Amendment claims against Chief Hartzell and further claims that Chief Hartzell falsely arrested and maliciously prosecuted

---

[1] This Village was erroneously named Macknaw in this Court's previous February 15, 2007 Order [Doc. 37].

[2] Plaintiff's Complaint does not specify which truck he is complaining about.

him. Finally, Plaintiff alleges that Officer Skiles violated his Fourth Amendment rights by seizing his truck without a warrant or probable cause.

With respect to Sheriff Huston, Plaintiff alleges that he violated his Eighth Amendment rights by failing to provide adequate medical care in December 2004. Plaintiff also states that Sheriff Huston is "responsible for unidentified medical staff and correctional officers'" violations of his rights under a *respondeat superior* theory of liability. Plaintiff seeks injunctive relief, preventing these Defendants from committing these acts in the future, compensatory, and punitive damages.

In two orders entered in February of this year, this Court considered the first dispositive motions filed by the parties. Pursuant to those Orders, Plaintiff's Fifth Amendment claims, his state law tort claims, his Constitutional tort claims, and his claims against Tazewell County and the Village of Mackinaw were dismissed. The only claims that remain are Plaintiff's Fourth Amendment claims against Officer Tarby (Counts 1 and 2), Chief Hartzell (Counts 3 and 4), and Officer Skiles,[3] and

---

[3] In the February 21, 2007 Order [Doc. 39], this Court erroneously omitted Plaintiff's claims against Skiles when recasting Plaintiff's claims into the five counts. That Order, then, is hereby MODIFIED to include Officer Skiles in Count 4 as listed by the Court. As such, Count 4 now reads:

A Fourth Amendment Claim made pursuant to 42 U.S.C. § 1983 alleging that Defendants Gary Hartzell and Matt Skiles illegally seized Plaintiff's property, a truck,

Plaintiff's Eighth Amendment Claims against Sheriff Huston and unknown officers (Count 5).[4]

Now pending before the Court are Motions for Summary Judgment filed by Officer Tarby, Chief Hartzell, Officer Skiles, and Sheriff Huston.  The Motions offer a similar argument: that Plaintiff's § 1983 Fourth Amendment claims are collaterally estopped as they have already been considered and decided by a state court.  These Defendants argue that Plaintiff was convicted by a jury of obstructing a peace officer in relationship to the events which occurred on June 16, 2004.  The Defendants further note that Plaintiff presented his Fourth Amendment Claims to Judge Purham of the Tenth Judicial Circuit of Illinois, Tazewell County, and that those claims were denied by Judge Purham.  Additionally, Chief Hartzell and Officer Skiles argue that Plaintiff's claims are barred by Heck v.

_____

and that Defendant Hartzell illegally seized
Plaintiff's property, a sign, on June 16, 2004 without
a warrant or probable cause.

This restatement more accurately describes claims made by
Plaintiff in his Complaint.

[4] Plaintiff sued each of Defendants in their individual and
official capacities.  Official Capacity suits are essentially
suits against the political entity that employs the individuals.
As both of these employers, Tazewell County and the Village of
Mackinaw have been dismissed, Plaintiff's official capacity
suits must also be dismissed.  Plaintiff has alleged no claim
that a policy or practice resulted in a constitutional
deprivation.  Lawrence v. Kenosha County, 391 F.3d 837, 843-844
(7th Cir. 2004).  As such, Plaintiff is proceeding against
Defendants in their individual capacity only.

Humphrey, 512 U.S. 477 (1994).  Sheriff Huston argues that he had no personal knowledge of Plaintiff's medical needs nor did he have any contact with Plaintiff while he was incarcerated during December 20-22, 2004.

In addition to filing responses to Defendants' Motions for Summary Judgment, Plaintiff seeks to amend his Complaint to include a claim that Officer Skiles seized, in addition to his truck, the sign at issue.  Plaintiff also seeks to amend his Complaint by substituting the unknown officer in his Eighth Amendment claim with the name Schad Martin.  In making these requests, Plaintiff alleges that "Defendant and others concealed the identities and actions of the aforementioned Defendants" in order to prevent Plaintiff from pursuing his claims.  Plaintiff further seeks to strike Defendants' response to his Motion to Amend.

And, finally, Plaintiff seeks to "dismiss" the Tazewell County State's Attorney from this lawsuit.  Plaintiff states that States Attorney Stuart Umholtz may be called as a witness in this case and that Plaintiff will be deposing him in relation to his underlying criminal case.  Defendants oppose this Motion by noting that state law requires the States Attorney to represent the state actors Plaintiff has sued.

## ANALYSIS

### MOTIONS FOR SUMMARY JUDGMENT

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court as to portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the movant has met its burden, to survive summary judgment the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which [s]he bears the burden of proof at trial." Warsco v. Preferred Tech. Group, 258 F.3d 557, 563 (7th Cir. 2001); See also Celotex Corp., 477 U.S. at 322-24. "The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence." Chemsource, Inc. v. Hub Group, Inc., 106 F.3d 1358, 1361 (7th Cir. 1997).

This Court must nonetheless "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." Holland v. Jefferson Nat. Life Ins. Co., 883 F.2d 1307, 1312 (7th Cir. 1989). In doing so, this Court is not "required to draw every conceivable inference from the record -- only those inferences that are reasonable." Bank Leumi Le-Isreal, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991). Therefore, if the record before the court "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of material fact exists and, the moving party is entitled to judgment as a matter of law. McClendon v. Indiana Sugars, Inc., 108 F.3d 789, 796 (7th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). However, in ruling on a motion for summary judgment, the court may not weigh the evidence or resolve issues of fact; disputed facts must be left for resolution at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

### Fourth Amendment Unreasonable Seizure of Person Claim

Defendants first argue that Plaintiff's Fourth Amendment claims are collaterally estopped as they have already been determined by the state courts. The undisputed evidence reveals that on December 14, 2004, Plaintiff was convicted by a jury in the Circuit Court of the Tenth Judicial Circuit of Illinois of obstructing a peace officer on June 16, 2004. In that

prosecution, captioned *People of the State of Illinois v.
Kenneth Simmons*, 04 CM 740, Plaintiff filed a "Motion to Dismiss
Charge." (Def. Ex. E, Doc. 49-6).  In the motion, Plaintiff
argued, in pertinent part:

> The law [of Illinois] further presumes that a peace
> officer has the right to stop Mrs. Simmons from
> legally driving down the road, Hartzell illegally
> stopped Simmons vehicle, that Hartzell had a right to
> seize Simmons vehicle, 1990 GMC, illegally without
> warrant, . . . .
>     The U.S. Constitution provides U.S. citizens
> protection from illegal seizure of property without
> warrant, Hartzell seized Simmons' 1990 GMC without
> warrant, 4th amendment against unreasonable seizure.
>     Simmons had a right to be secure against
> unreasonable seizure of Simmons person be Tarby.  4th
> amendment**.**  Id. (grammatical errors in original).

The State Court denied this motion, after a hearing, in a one
page order dated December 14, 2004.  Defendants contend that
this resolution by the state court prevents Plaintiff from
raising the same claims before this Court – namely that
Defendants violated his Fourth Amendment rights by seizing him
without a warrant or probable cause.[5]

    The doctrine of collateral estoppel provides that "once a
court has decided an issue of fact or law necessary to its
judgment, that decision may preclude relitigation of the issue
in a suit on a different cause of action involving a party to

---

[5] Plaintiff also filed another motion, "Motion for Dismissal of
Charge." (Doc. 43-5, p. 3).  As both Motions were filed before
the state court issued its ruling, this Court assumes that the
state court ruled on both motions in the one page Order after a
hearing.  This "Motion for Dismissal of Charge" will be
addressed below.

the first case." Allen v. McCurry, 449 U.S. 90, 94 (1980).  In
Illinois, a claim is precluded if the issue presented in the
first proceeding is identical to the issue raised in this Court,
there is a final judgment on the merits, and the party against
whom estoppel is asserted was a party in the first proceeding.
Brengettcy v. Horton, 423 F.3d 674, 683 (7th Cir. 2005).
Plaintiff, however in-artfully, raised the claim that his arrest
violated the Fourth Amendment in his "Motion to Dismiss Charge"
before the state court.  The state court ruled on the merits of
the motion after a hearing.  Plaintiff has presented no argument
that he was *not* given a full and fair opportunity to litigate
the matter before the state court.  There also is no evidence
that Plaintiff was unable to appeal the decision through the
Illinois courts.  See Sornberger v. City of Knoxville, Ill., 434
F.3d 1006, 1020 (7th Cir. 2006) (noting that under Illinois law,
collateral estoppel is unavailable if the plaintiff is unable to
appeal the state court decision).  As such the state court's
decision was a final decision on the merits.  There is also no
doubt that Plaintiff before this Court and the criminal
defendant before the state court are the same person.  As such,
Plaintiff is collaterally estopped from claiming in this § 1983
lawsuit that his Fourth Amendment rights were violated when
Officer Tarby seized him on June 16, 2004.  This finding applies

with equal force to the identical claim made against Chief Hartzell.

In response to this argument, Plaintiff argues that he was arrested for disorderly conduct and not obstruction of a peace officer.  Therefore, even if he was convicted of obstruction, his arrest for disorderly conduct can still be raised in this § 1983 action.  This distinction, however, is irrelevant to the analysis of whether he is collaterally estopped from challenging his arrest in this § 1983 action.  Regardless of the actual charge made by the officers at the time of arrest and the actual crime Plaintiff was convicted of, Plaintiff still raised the issue of the constitutionality of his arrest and the state court decided against him.  There is no showing that he was unable to appeal the decision.  As such, this argument is without merit.

Chief Hartzell and Officer Skiles further argue that Plaintiff's claim is barred by Heck, cited above.  In Heck, Roy Heck was convicted of voluntary manslaughter and, while appeal of his criminal conviction was pending, brought suit pursuant to § 1983.  In the § 1983 suit, Heck sought monetary damages for malicious prosecution.  In holding that the § 1983 suit may not go forward, the Supreme Court stated:

> We hold that, in order to recover damages for
> allegedly unconstitutional conviction or imprisonment,
> or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a §
> 1983 plaintiff must prove that the conviction or
> sentence has been reversed on direct appeal, expunged

12

> by executive order, declared invalid by a state
> tribunal authorized to make such determination, or
> called into question by a federal court's issuance of
> a writ of habeas corpus, 28 U.S.C. § 2254.  A claim
> for damages bearing that relationship to a conviction
> or sentence that has *not* been so invalidated is not
> cognizable under § 1983.  Heck, 512 U.S. at 487.

As such, Heck was foreclosed from bringing a § 1983 claim for
malicious prosecution that would have the effect, if he were to
prevail, of rendering his criminal prosecution invalid.

In a similar vein, if Plaintiff were to succeed in this
Fourth Amendment claim – and a jury were to find that he was
seized in violation of the constitution – it would render his
conviction of obstructing a police officer invalid.  That is, if
Plaintiff's arrest lacked probable cause (there is no question
that no warrant was issued), his subsequent conviction would
also necessarily be called into question.  Plaintiff has
presented no evidence that his criminal conviction has been
expunged or overturned in a habeas corpus proceeding.  As such,
his § 1983 suit regarding the arrest is not cognizable under §
1983.  For this additional reason, Plaintiff's Fourth Amendment
claim concerning the seizure of his person must fail.

### Fourth Amendment Unreasonable Seizure of Property Claim

Plaintiff asserts that Officers Tarby and Skiles and Chief
Hartzell seized his property, a truck and a sign, in violation
of the Fourth Amendment as they neither had a warrant nor
probable cause.  Officer Tarby does not argue for summary

judgment on this claim.  However, Officer Skiles and Chief
Hartzell both argue that Plaintiff is collaterally estopped from
asserting a Fourth Amendment claim with respect to his property
as it was adjudicated by the state courts.  As quoted above,
Plaintiff raised a Fourth Amendment claim with respect to the
1990 pickup truck before the state courts in his "Motion to
Dismiss Charge."   The state court ruled against Plaintiff on
the issue after a hearing.  Thus, if Plaintiff is attempting to
now challenge the seizure of that truck (the 1990 truck), he is
collaterally estopped.

        However, Plaintiff argues that he is suing over the seizure
of the 2000 truck and not the 1990 truck referenced in his
"Motion to Dismiss Charge" before the state court.  There is no
mention of the 2000 truck in the state court motions.  The state
court ruling also did not concern the sign at issue.  While
Plaintiff makes mention of the sign in the "Motion for Dismissal
of Charge," his prayer for relief was directed to the conduct of
the States Attorney and the "victims" (that is, the
Stockstills).  Plaintiff does not appear to have made the
identical constitutional claim before the state courts that he
is making before this Court.  As such, there is no showing that
the state courts adjudicated these matters.  Defendants Skiles
and Hartzell state in passing that the officers "had probable
cause . . . to seize his property incident to that arrest;"

                                    14

however, they provide no argument, case authority or factual showing that would support this point.[6]  It is similarly unclear how a favorable verdict on the Fourth Amendment property claims would imply the invalidity of Plaintiff's conviction for obstruction under the holding in <u>Heck</u>.  Therefore, summary judgment will not be granted with respect to Plaintiff's claim that Officers Tarby and Skiles and Chief Hartzell seized his property, the sign and the 2000 truck, in violation of the Fourth Amendment.

<u>**Eighth Amendment Claim**</u>

The only Eighth Amendment claim made by Plaintiff is that he was denied medical care by Sheriff Huston and other unknown individuals while incarcerated on the obstruction conviction from December 20 to December 22, 2004.  The Eighth Amendment, through the Fourteenth Amendment, imposes a duty on county prison officials to provide adequate medical care to their charges.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 103 (1976).  Prison officials run afoul of this mandate if they are deliberately indifferent to a serious medical need.  <u>Johnson v. Snyder</u>, 444 F.3d 579, 584 (7th Cir 2006).  Such a claim has both an objective and subjective element:

---

[6] At this stage of the proceedings, the evidence only reveals that Plaintiff's truck, presumably the 2000 truck, was towed from the scene when Plaintiff was arrested.  (Def. Ex. A, Doc. 49-1).

A deliberate indifference claim premised upon
inadequate medical treatment requires, to satisfy the
objective element, a medical condition that has been
diagnosed by a physician as mandating treatment or one
that is so obvious that even a lay person would
perceive the need for a doctor's attention. The
subjective component of a deliberate indifference
claim requires that the prison official knew of a
substantial risk of harm to the inmate and disregarded
the risk.  Edwards v. Snyder, 478 F.3d 827, 830-831
(7th Cir. 2007) (citations and quotation marks
omitted).

As indicated in this Court's previous Order, Plaintiff cannot

merely show that Sheriff Huston supervised others who failed to

provide medical care, he must show that Sheriff Huston knew of

his serious medical condition and disregarded the substantial

risk of harm.

Sheriff Huston has provided an affidavit which indicates

that, while he was the Warden of the Tazewell County Jail during

the relevant time period, he had no personal contact with

Plaintiff, did not personally receive requests for medical care

from Plaintiff, did not know of any medical needs of Plaintiff

while he was an inmate, and did not ignore any medical needs of

Plaintiff.  It would appear that the Sheriff had no personal

involvement in Plaintiff's medical care and that there is

therefore no Eighth Amendment violation.  See Johnson v.

Doughty, 433 F.3d 1001, 1010 (7th Cir. 2006) (noting that the

prison official must know of the serious medical need).  In

16

response, Plaintiff offers his own affidavit[7] in which he asserts that he requested medical care from each officer he encountered and that he asked to see the Sheriff.  Plaintiff also indicates that the Sheriff should have known about his medical needs because he should have been aware that Plaintiff was taken to the hospital on June 16, 2004 (the date of his arrest).  Finally, Plaintiff indicates that the Sheriff has his medical requests, two of which he attaches to his response.

Plaintiff's affidavit does not establish that the Sheriff knew of Plaintiff's medical condition.  First, merely because Plaintiff requested others to inform the Sheriff of his condition does not show that the Sheriff knew of Plaintiff's serious medical condition or that he consciously disregarded the risk on that condition.  Second, there is no showing that the Sheriff reviewed Plaintiff's medical requests.  Third, the fact that Plaintiff may have sought medical care in June 2004 does not lead to a conclusion that he would have a serious condition in December 2004 or that the Sheriff would be aware of that condition.  Plaintiff has simply presented no evidence that the Sheriff was aware of any of his medical needs during the relevant time period.  See Guzman v. Sheaham, 495 F.3d 852, 859-

---

[7] Plaintiff, in fact, presents a list of "facts" in his response to Sheriff Huston's Motion for Summary Judgment and then attaches an affidavit to the response which states that each of the "facts" stated are "true and correct under penalty of perjury."  [Doc. 54, p. 6].

17

860 (7th Cir. 2007).  Plaintiff merely offers his own unsupported conjecture that the Sheriff must have known about his medical condition.  Such a belief is unsupported by the record and is insufficient to defeat summary judgment.  Keri v. Board of Trustees of Purdue University, 458 F.3d 620, 628 (7th Cir, 2006) ("Conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment.").  As such, this Eighth Amendment claim must fail and summary judgment is entered in favor of Sheriff Huston.

### MOTION TO AMEND

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading when justice requires and that "leave shall be freely given."  Leave to amend may be denied if there is undue delay, undue prejudice, dilatory motive, or movant's bad faith, among others.  Crest Hill Land Development, LLC v. City of Joliet, 396 F.3d 801, 804-805 (7th Cir. 2005); See also Sound of Music Co. v. Minnesota Mining and Manufacturing Co., 477 F.3d 910, 922-923 (7th Cir. 2007) (indicating that a motion to amend may be denied if there is undue delay or undue prejudice to Defendants).

Plaintiff first seeks to assert a claim that Officer Skiles, in concert with Officer Tarby and Chief Hartzell, seized Plaintiff's person and property on June 16, 2004.  As stated above, summary judgment is granted with respect to the claim

18

that Plaintiff was seized in violation of the Fourth Amendment.

Therefore, any such identical claim against Officer Skiles also

would be subject to summary judgment and granting leave to amend

would be futile.  See Verhein v. South Bend Lathe, Inc., 598

F.2d 1061, 1063 (7th Cir. 1979) (noting that leave to amend may

be denied if "the proposed amendment fails to allege facts which

would support a valid theory of liability . . . or where the

party moving to amend has not shown that the proposed amendment

has substantial merit"); See also Garcia v. City of Chicago,

Ill., 24 F.3d 966, 970 (7th Cir. 1994) (noting that new claims

are futile if they merely reassert claims that have already been

decided).

Plaintiff already has asserted that Officer Skiles

improperly seized his truck.  Plaintiff seeks to include the

claim that Officer Skiles also improperly seized his sign.  The

amendment shall be allowed because both claims have not been

dismissed, discovery has yet to commence, and the claim is

identical to the one made against Officer Tarby and Chief

Hartzell.  There can be no prejudice to Defendants.

Plaintiff also seeks to amend his Complaint in order to

substitute Schad Martin for the "unknown Defendant" who

allegedly violated his Eighth Amendment rights on December 20,

2004.  In order to assert a claim against Martin, it appears

that Plaintiff must (in addition to meeting the requirements of

19

Rule 15(a) outlined above) utilize the relation back provisions
of Rule 15(c) because this Motion was filed after the statute of
limitations on this claim expired.[8]  Rule 15(c) provides:

> (1) *When an Amendment Relates Back*.  An amendment to a
> pleading relates back to the date of the original
> pleading when:

>         ***

> (B) the amendment asserts a claim or defense that
> arose out of the conduct, transaction, or occurrence
> set out – or attempted to be set out – in the original
> pleading; or

> (C) the amendment changes the party or the naming of
> the party against whom a claim is asserted, if Rule
> 15(c)(1)(B) is satisfied and if, within the period
> provided by Rule 4(m) for serving the summons and
> complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will
> not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would
> have been brought against it, but for a mistake
> concerning the proper party's identity.

In his Motion, Plaintiff does not address the provisions of Rule
15(c).  He only indicates that "[t]he State and Sheriff's office
concealed Mr. Martin's identity" and that he "only recently
became aware" of Martin's identity.

Notwithstanding Plaintiff's failure to address the
provisions of Rule 15(c), it is clear Plaintiff has not met the
requirements of the Rule.  First, it is a reasonable inference

---

[8] Plaintiff's Eighth Amendment claim, brought pursuant to 42
U.S.C. § 1983, is governed by a two year statute of limitations.
See Savory v. Lyons, 469 F.3d 667, 672 (7th Cir. 2006).

that Martin has not received notice of this lawsuit within the
time period provided by Rule 4(m), namely within 120 days of the
filing of the Complaint.  Second, this is not the type of
mistake in the naming of the party contemplated by Rule
15(c)(1)(C)(ii).  The Plaintiff's lack of knowledge as to
Martin's identity is not the same as merely making a mistake in
the name of the party.  See King v. One Unknown Federal
Correctional Officer, 201 F.3d 910, 914 (7th Cir. 2000).
Plaintiff has made no showing that he merely made an error or
that Martin has knowledge or should have knowledge of this
error.  Hall v. Norfolk Southern Railway Co., 469 F.3d 590 (7th
Cir. 2006).  "It is the plaintiff's responsibility to determine
the proper party to sue and to do so before the statute of
limitations expires.  A plaintiff's ignorance or
misunderstanding about who is liable for his injury is not a
'mistake' as to the defendant's 'identity.'"  Id.  Plaintiff's
attempt to amend, pursuant to Rule 15(c), would appear to be
futile.

However, Plaintiff also states that the State of Illinois,
the Sheriff's Department, and "others" hindered his efforts to
determine Martin's identity.  Plaintiff provides no other
details.  Plaintiff may be asserting a claim that Defendants
fraudulently concealed Martin's identity and that Martin
therefore could not rely on the statute of limitations which

would be tolled due to the fraud.   The doctrine of equitable
estoppel can toll a statute of limitations.   If that doctrine
were to apply to Plaintiff's case, he would not have to rely on
Rule 15(c) as the limitations period would essentially be
extended.   In order to show fraudulent concealment, Plaintiff
must show that Defendants engaged in some affirmative act or
words to prevent him from discovering Martin's identity.
Worthington v. Wilson, 8 F.3d 1253, 1258 (7th Cir. 1993)
(applying Illinois law of fraudulent concealment in a § 1983
case).   It is insufficient merely to indicate that Defendants
were silent about Martin's identity.   Id.

        None of the Defendants address this point or indeed address
specifically whether Plaintiff's Complaint should be amended to
include Schad Martin.   As far as the Court can make out,
Plaintiff has sufficiently stated a claim that Martin violated
Plaintiff's Eighth Amendment rights by failing to provide
adequate medical care while he was incarcerated from December
20-22, 2004.   No Defendant has argued that this claim would be
futile or that Plaintiff has been dilatory especially in light
of Plaintiff's assertion that Defendants actively prevented him
from discovering Martin's identity.   Whether or not Martin will
assert a statute of limitations defense (and whether Plaintiff
will be able to establish equitable estoppel) can only be the
subject of yet another Motion for Summary Judgment.   Xechem,

<u>Inc. v. Bristol-Myers Squibb Co.</u>, 372 F.3d 899, 901 (7th Cir. 2004) (a Plaintiff need not plead around affirmative defenses). As such, Plaintiff may file an Amended Complaint to include his claims against Martin and his Fourth Amendment property claim (regarding the sign) against Skiles.

Notwithstanding the foregoing, the Court reminds Plaintiff that by representing to the Court that Defendants have actively concealed Martin's identity, he is certifying under Rule 11 that these statements have factual support or likely will have factual support. He also is certifying to the Court that there is support for his claim that Martin violated his Eighth Amendment Rights. If such claims are made without the necessary support, this Court will entertain a motion for sanctions and will impose monetary sanctions if warranted.

**MOTIONS TO STRIKE AND DISMISS**

Neither of these Motions have merit. The Motion to Strike is merely a reply to the Defendants' response to the Motion to Amend. As provided by Local Rule 7.1(B)(3), "[n]o reply to the response is permitted." Therefore this "Motion" is DENIED.

In the Motion to Dismiss, Plaintiff does not indicate in what manner any of the information that may be offered by Attorney Umholtz is relevant to this matter. Attorney Umholtz's participation in Plaintiff's underlying criminal case, his conversations with witnesses in that case, and his conversations

with any of Defendants in this case are wholly irrelevant to Plaintiff's claims.  Indeed much of those conversations would be covered by attorney-client privilege.  Plaintiff has made no claims against the States Attorney, and the Court sees not credible reason why he, or members of his office, should be removed as attorneys in this matter.  This Court will not hold a hearing so that Plaintiff may go on a fishing expedition in order to elicit information that may be used to exclude Attorney Umholtz from this lawsuit.

<u>**CONCLUSION**</u>

For the reasons set forth above the following is hereby ORDERED:

1.   The February 21, 2007 Order [Doc. 39] is MODIFIED such that the restatement in Count 4 on page 10 of the Order reads:

> A Fourth Amendment Claim made pursuant to 42 U.S.C. § 1983 alleging that Defendants Gary Hartzell and Matt Skiles illegally seized Plaintiff's property, a truck, and that Defendant Hartzell illegally seized Plaintiff's property, a sign, on June 16, 2004 without a warrant or probable cause.

2.   The Motion for Summary Judgment filed by Defendants Ryan Tarby and Robert Huston on March 22, 2007 [Doc. 43] and the Motion for Summary Judgment filed by Defendants Gary Hartzell and Mark Skiles on April 5, 2007 [Doc. 49] are GRANTED IN PART. JUDGMENT is GRANTED in favor of Defendants Tarby and Hartzell with respect to Plaintiff's Fourth Amendment seizure of person claim.  JUDGMENT is GRANTED in favor of Defendant Huston with respect to Plaintiff's Eighth Amendment claim.  The Motions are DENIED in all other respects.

3.   The Motion to Amend/Correct Complaint filed by
Plaintiff Kenneth Simmons on June 4, 2007 [Doc. 60] is
GRANTED IN PART.  The Motion is GRANTED with respect
to Plaintiff's Fourth Amendment claim against
Defendant Skiles with respect to the sign at issue.
The Motion also is GRANTED with respect to Plaintiff's
new Eighth Amendment claim with respect to Schad
Martin.

4.   In sum, the only claims that remain pending are
Plaintiff's Fourth Amendment illegal seizure of
property claims, regarding the 2000 truck and sign,
against Defendants Tarby, Skiles, and Hartzell and
Plaintiff's Eighth Amendment Claim against Martin.

5.   Plaintiff is ORDERED to file his Amended Complaint
consistent with this Order by November 9, 2007.
Plaintiff is further directed to serve Martin with a
Summons and Complaint consistent with Federal Rule of
Civil Procedure 4 within 14 days of the filing of the
Amended Complaint.

6.   The Motion to Strike Response to Motion filed by
Plaintiff on July 2, 2007 [Doc. 63] and Motion to
Dismiss filed by Plaintiff on September 11, 2007 [Doc.
64] are DENIED.

7.   **The parties SHALL complete ALL discovery by April
25, 2008.  Any further dispositive motions shall be
filed by May 12, 2008.  This matter is SET for a Final
Pretrial Conference on August 8, 2008.  Parties shall
meet with the law clerk at 10:00 a.m. and the Judge at
11:00 a.m. in Courtroom D of the Federal Courthouse in
Peoria, Illinois.  This matter is further SET for
trial on September 8, 2008 at 9:00 a.m. in Courtroom D
of the Federal Courthouse in Peoria, Illinois.**

Entered this   30th   day of October, 2007

                         s/ Joe B. McDade
                    _____
                         JOE BILLY McDADE
                    United States District Judge