UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Kenneth Simmons, | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 06-1153 |
| | ) | |
| Ryan Tarby, Gary Hartzell, and Mark Skiles, | ) | |
|         Defendants | ) | |

**ORDER**
and
**REPORT AND RECOMMENDATION**

Now before the Court are several motions relating to discovery:  [#85] Motion for Court Supervision of Discovery by Defendants Hartzell and Skiles; [#90] Motion to Suspend Discovery or in the Alternative Court Supervision of Discovery by Defendant Tarby;  [#96] Plaintiff's Motion to Quash;  and [#97] Plaintiff's Motion to Issue Subpoena. The motions are fully briefed[1] to the extent I deem necessary, and I have carefully considered the arguments of the parties.

Also pending before the Court are Plaintiff's Motions for Summary Judgment [#77 and #94] and the Motion to Dismiss by Defendants Hartzell and Skiles [#87].  Pursuant to Local Rule 72.1, the district judge has referred these motions to me for a report and recommendation.  After carefully considering all of the submissions of the parties, and pursuant to 28 U.S.C. §636(b)(1)(B), I recommend that the motions be denied.

---

[1]Plaintiff's response to #85 is #93.  Although designated a Motion to Quash, Document #96 is essentially Plaintiff's response to #90, so I have not waited for Defendants' response to the Motion to Quash.

## DISPOSITIVE MOTIONS

It is apparent from reading Plaintiff's Motions for Summary Judgment that the matters he claims are "uncontested" are actually fact dependent and therefore cannot be resolved merely on his say-so, nor should they be resolved prior to conclusion of discovery. I therefore recommend that the Motions both be denied as premature.

The same can be said for the Defendant's Motion to Dismiss: it requires resolution of facts so it is premature. However, that motion contains one valid point: Plaintiff should have plead relevant dates, times and places. See Fed.R.Civ.P. 9(f). Accordingly, Plaintiff is directed to file an amended complaint setting out, to the best of his personal knowledge, the dates and places of occurrences forming the basis of his claims. I therefore recommend that the Motion be denied and that Plaintiff be ordered to file an amended complaint.

## DISCOVERY MOTIONS

In their discovery motion, Defendants Hartzell and Skiles ask this Court to stay discovery pending resolution of their motion to dismiss. That part of the Motion [90-1] is now denied as moot.

Plaintiff has noticed the videotaped depositions of six depositions, all to take place on January 7, 2008, at 9:00 a.m. These depositions are for two fact witnesses (Harold and Mildred Stockstill), a towing company, and the three defendants. Obviously, all these depositions cannot be taken at the same time, and it is unlikely that all can be completed on the same day. Moreover, before noticing up these depositions, Plaintiff did not confer with defense counsel as required by Local Rule CDIL 30.1.

Mr. Simmons has repeatedly used the Federal Rules of Civil Procedure and the Local Rules of this Court as a sword. He may therefore not object when he is held to the standard required by those same rules. His failure to comply with the Rules of this Court, requires that all six notices of deposition be quashed. All future depositions shall be scheduled by reasonable agreement of the Plaintiff and both defense counsel.

Plaintiff asks for his costs in serving the Notices. That request is denied, as the reason for cancelling the depositions is Plaintiff's own failure to comply with Rules.

Plaintiff's Motion to Quash asks the Court to quash the subpoenas he obtained for Harold and Mildred Stockstills' depositions. Despite that Motion, his Motion to Issue Subpoena is a request for issuance of a subpoena for the deposition of Mildred Stockstill. There is no explanation for these seemingly-contradictory motions. Since all depositions are quashed, however, the contradiction is without import. Both Motions are moot.

Plaintiff and defense counsel are ordered to confer within the next 21 days, and establish a mutually-agreed-upon schedule for taking the depositions of the Plaintiff, the Defendants and any fact witnesses prior to the deadline for close of discovery in this case. Said agreed schedule shall be reduced to writing, signed by Plaintiff and both defense counsel, and filed as a Notice of Depositions within 28 days of the date of this Order. When that Notice has been filed, Plaintiff may submit subpoenas for depositions, with all information filled in and consistent with the Notice and this Order, for issuance by the Clerk.

The Motions also point out that Plaintiff has requested a videotaped inspection with narration of the evidence rooms of the Village of Mackinaw Police Department and the Tazewell County Sheriff's Department. There is absolutely no basis for such inspections. None of the events that are at issue in this case occurred in either evidence room;  the

mere fact that items were allegedly seized does not make the physical layout of the evidence rooms in the least bit pertinent. Moreover, the request that the inspection be videotaped raises numerous substantial issues of technical and security problems, as pointed out by the Defendants. Plaintiff's Request for Inspection is therefore quashed.

## CONCLUSION

I RECOMMEND that the Motion to Dismiss [#87] and the Motions for Summary Judgment [#77] be DENIED, and that Plaintiff be ordered to file an amended complaint. The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within ten (10) working days after service of this Report and Recommendation. Fed.R.Civ.P.72(b); 29 U.S.C.636 (b)(1). Failure to object will constitute a waiver of objections on appeal. Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999); Video Views Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir. 1986).

It is further ORDERED that the Motion to Stay Discovery [#90-1], the Motion to Quash [#96] and the Motion to Issue Subpoena [#97] are DENIED; and the Motions for Court Supervision [#85 and #90-2] are GRANTED as stated herein. The parties are to file a Notice of Depositions within 28 days of the date of this Order.

ENTER this 4th day of December 2007.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE